UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

DIAMOND A. KJELLBERG

    Plaintiff,

v.

PINNACLE ASSET GROUP, LLC.,

    Defendant.
_____/

# COMPLAINT
# JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331. *Mims v. Arrow Fin. Servs. LLC,* 132 S. Ct. 740 (U.S. 2012). This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, DIAMOND A. KJELLBERG is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, PINNACLE ASSET GROUP, LLC., is a corporation with its principal place of business at 3221 Southwestern Boulevard, Suite 305, Orchard Park, NY 14127.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from an obligation to HSBC Ameritech incurred primarily for personal, family or household purposes.

10. Plaintiff, DIAMOND A. KJELLBERG, is the sole obligor on the alleged debt.

11. Defendant left the following message on Plaintiff, DIAMOND A. KJELLBERG's voice mail, on her home telephone as indicated, on or about the dates stated:

**Tuesday December 18th, 2012 at 12:37pm**

"Yes hello uh message here for Diamond Kjellberg. Diamond this is Jack Malone senior claims associate calling with the legal processing firm Pinnacle Asset Group. Miss Kjellberg reason for the call uh, we have just received an affidavit of non-compliance which is regarding allegations and compliance that are surrounding an impending summons and civil lawsuit that is slated through Broward County ah for legal proceedings to be commenced. Diamond you or your attorney at this point does need to contact this firm immediately to remit a statement if your intent is to address said allegations and ultimately have an input on which direction this lawsuit does proceed. I can be reached area code 866-751-2884. My extension directly is 238. The assigned claim number that will follow you throughout the proceeding, 129262 dash two two."

12. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

13. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

14. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages.

15. Defendant knew it was required to disclose that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

16. Plaintiffs incorporate Paragraphs 1 through 16.

3

...

17. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff, DIAMOND A. KJELLBERG, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a.   Damages;

   b.   Attorney's fees, litigation expenses and costs of suit; and

   c.   Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

18. Plaintiffs incorporate Paragraphs 1 through 16.

19. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose that it is a debt collector and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff, DIAMOND A. KJELLBERG, requests that the Court enter judgment in favor of Plaintiff and against Defendant for::

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

        JENNIFER M. COLSON, ESQ.
        Attorney for Plaintiff
        Post Office Box 50028
        Lighthouse Point, FL 33064
        Telephone: 954-784-2290
        Facsimile: 954-784-2770
        jcolson@jennifercolsonpa.com

        By: s/ Jennifer M. Colson
        Jennifer M. Colson, Esq.
        Florida Bar No. 047783